**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-22-071-RAW** |
| | ) | |
| **GENE MABRAY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the court is the motion of the defendant Gene Mabray for early termination of supervised release. The government objected and the motion came on for hearing on October 28, 2026. *See* Rule 32.1(c) F.R.Cr.P. It is the defendant's burden to demonstrate that early termination is justified. *United States v. Verkler,* 830 Fed.Appx. 889 (9th Cir.2020). The court also bears in mind that supervised release fulfills rehabilitative ends, distinct from those served by incarceration. *See United States v. Johnson,* 529 U.S. 53, 59 (2000).

The court heard from counsel for both parties. The court recited the pertinent factors from both 18 U.S.C. §3553(a) [as required to be applied by 18 U.S.C. §3583(e)(1)] and Application Note 1(B) of USSG §5D1.4. The court concluded defendant had met his burden. Such action is

"warranted by the conduct of the defendant" and is in "the interest of justice". *See* 18 U.S.C. §3583(e)(1).

It is the order of the court that the motion of the defendant (#310) is granted. Defendant's term of supervised release is terminated.

**ORDERED THIS 28th DAY OF OCTOBER, 2026.**

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**